**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trent Xavier Bouhdida, Sr., | No. CV-19-04792-PHX-DGC (MTM) |
| Petitioner, | **ORDER** |
| vs. | |
| David Shinn, Director of the Arizona Department of Corrections; and Mark Brnovich, Attorney General of the State of Arizona, | |
| Respondents. | |

Pursuant to 28 U.S.C. § 2254, Petitioner Trent Bouhdida has filed a petition for writ of habeas corpus challenging his convictions in two state court cases, Nos. CR 2009-030013 and CR 2016-000961. Doc. 1. Magistrate Judge Michael Morrissey has issued a report recommending that the petition be denied ("R&R"). Doc. 17. Bouhdida objects. Doc. 18. For reasons stated below, the Court will accept the R&R and deny the petition.

**I.    Background.**

On November 20, 2009, Bouhdida pled guilty in state court to armed robbery and assisting a criminal street gang. Doc. 11-1 at 17-22; *see Arizona v. Bouhdida*, No. CR 2009-030013 (Ariz. Super. Ct. 2009); Judicial Branch of Arizona, Maricopa County, http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2009-030013 (last visited May 14, 2020). Bouhdida was sentenced to five

years in prison and post-release probation on August 11, 2010. Doc. 11-1 at 26-31. Bouhdida waived his right to appeal pursuant to his guilty plea and did not file a timely notice of post-conviction relief. *See* Ariz. R. Crim. P. 33.4(a). His convictions therefore became final for purposes of filing a § 2254 habeas petition on November 9, 2010, ninety days after his sentencing. *See* Ariz. R. Crim. P. 33.4(b)(3)(A); 28 U.S.C. § 2244(d)(1); *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007).

On November 27, 2017, a state court jury found Bouhdida guilty on four counts of selling marijuana. Doc. 11-3 at 221-25. On January 4, 2018, the trial court imposed four concurrent 11.25-year prison terms for the marijuana offenses and a consecutive 5-year term for violating his probation on the 2009 offenses. Doc. 11-4 at 37-41; *see Arizona v. Bouhdida*, No. CR 2016-000961 (Ariz. Super. Ct. 2016); Judicial Branch of Arizona, Maricopa County, http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2016-000961 (last visited May 14, 2020).

On December 22, 2017, Bouhdida filed a state-court habeas petition challenging the subject matter jurisdiction of the trial court in CR 2016-000961. Doc. 11-4 at 1-10. The petition was denied on February 16, 2018, and no appeal was filed. *Id.* at 54-55.

In March and June 2018, Bouhdida filed two appellate briefs challenging the trial court's subject matter jurisdiction over both criminal cases. *Id.* at 59-78). The Arizona Court of Appeals affirmed the convictions in the 2016 case, and found that the trial court in the 2009 case had properly revoked Bouhdida's probation. *See Arizona v. Bouhdida*, No. 1 CA-CR 18-0015, 2019 WL 347720, at *1-2 (Ariz. Ct. App. Jan. 29, 2019). The Arizona Supreme Court denied Bouhdida's petition for review on June 7, 2019. Doc. 11-5 at 66-114.

Bouhdida filed two petitions for post-conviction relief, the first in May 2018 and the second in December 2018. Doc. 11-5 at 115-26, 141. The trial court denied relief on the first petition and dismissed the second petition for failure to prosecute. *Id.* at 139-40, 148. Bouhdida did not seek appellate review of the trial court's rulings.

Bouhdida filed the present federal habeas petition on July 19, 2019. Doc. 1. The petition raises two grounds for relief: the trial court failed to prove that it had subject matter jurisdiction in violation of the Sixth Amendment (ground one) and the Fifth and Fourteenth Amendments (ground two). *Id.* at 6-7. Respondents filed an answer to the petition. Doc. 11. No reply has been filed. Judge Morrissey recommends that each ground for relief be denied. Doc. 17.

**II.    Standard of Review.**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**III.   Discussion.**

Judge Morrissey thoroughly considered each ground for relief. Doc. 17 at 5-10. With respect to the convictions in CR 2009-030013, Judge Morrissey concluded that the habeas petition is untimely under the one-year limitation period set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), because the convictions became final on November 9, 2010 and Bouhdida did not file the habeas petition until July 19, 2019. *Id.* at 5; *see* Ariz. R. Crim. P. 33.4(b)(3)(A). Judge Morrissey noted that Bouhdida offers no explanation for the delay and found that he is not entitled to statutory tolling because the petitions for post-conviction relief were filed in 2018, more than six years after the convictions became final. *Id.* at 6. Judge Morrissey further found that Bouhdida failed to properly exhaust his claims in state court by not timely raising them in the petitions for post-conviction relief and failing to appeal the trial court's denial of the petitions. *Id.*

With respect to the convictions in CR 2016-000961, Judge Morrissey concluded that the habeas petition is untimely under the AEDPA because the Arizona Supreme Court denied review on June 7, 2019, and Bouhdida filed the habeas petition more than one year later, on July 19, 2019. *Id.* at 6-7.

Judge Morrissey further found that Bouhdida's constitutional claims lack merit. *Id.* at 7-8. To prove a federal constitutional violation for an error of state law, a petitioner must show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1); *see also Lopez v. Smith*, 574 U.S. 1 (2014). Bouhdida frames the violation of federal law as follows: "The prosecutor must aver or cite a positive statement of subject matter, describing by what pursuant authority he seeks a judgment and or/declaratory injunctive relief in which the court can depend in trying the case." Doc. 1 at 15. Judge Morrissey noted that subject matter jurisdiction over state criminal offenses is a question of state law, *see* Ariz. Const. art. VI, § 1, and that the Arizona Court of Appeals properly concluded that the trial court had subject matter jurisdiction over Bouhdida under Arizona law. *Id.* at 8 (citing *Bouhdida*, 2019 WL 347720, at *2 ("The State has subject matter jurisdiction to prosecute crimes committed within its territorial borders."); *Lewis v. Ryan*, No. CV-18-00220-PHX-JAT, 2018 WL 655069, at *3 (D. Ariz. Feb. 1, 2018) ("[W]hether or not the Maricopa County Superior Court had jurisdiction over Petitioner's case is a question of Arizona law.")). Judge Morrissey concluded that Bouhdida's habeas claims fail on the merits because he identifies no state court decision that was "contrary to" or "an unreasonable application of" Supreme Court precedent. Doc. 17 at 7.

Bouhdida filed a two-page objection, asserting that the state court "violated due process which is a violation of the Bill of Rights' 5th and 14th Amendments." Doc. 18 at 1-2. But Bouhdida does not address Judge Morrissey's rejection of this argument. *See* Doc.17 at 5-7. Nor does he object to the findings that his habeas claims are time barred and were not exhausted in state court. *See id.* at 7-8.

As noted, the Court is not required to review issues that are not the subject of a specific objection.  *See Thomas*, 474 U.S. at 149; *Reyna-Tapia*, 328 F.3d at 1121.  The Court nonetheless has reviewed the R&R and finds it to be well-taken.  The Court accordingly will accept the R&R and deny the habeas petition.[1]

**IT IS ORDERED:**

1. Judge Morrissey's R&R (Doc. 17) is **accepted**.

2. Bouhdida's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) is **denied**.

3. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because Bouhdida has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

4. The Clerk is directed to enter judgment and **terminate** this action.

Dated this 19th day of May, 2020.

David G. Campbell
Senior United States District Judge

---

[1] Bouhdida raises new claims in his objection – entrapment, double jeopardy, and cruel and unusual punishment.  Doc. 18 at 1-2.  Respondents note, correctly, that Bouhdida waived these claims by not raising them in his petition.  Doc. 19 at 2-3 (citing cases); *see also Williams v. Ryan*, No. CV-18-00349-TUC-RM, 2019 WL 4750235, at *5 (D. Ariz. Sept. 30, 2019) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.") (citation omitted).